THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* OTERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a case of aggravated assault and battery.

No. 644.—Decided January 13, 1914.

AGGRAVATED ASSAULT AND BATTERY—OFFENSE AGAINST PUBLIC JUSTICE.—Unlawfully assaulting a policeman knowing that he is such officer and engaged in the discharge of his duties, with the intention of causing him bodily harm, constitutes the crime of aggravated assault and battery defined in the Act of March 10, 1904, and is distinct from the offense against public justice defined and punishable by section 137 of the Penal Code.

OFFENSE AGAINST EXECUTIVE POWER—REPEAL.—Section 84 of the Penal Code punishing the offense of interfering with an executive officer in the lawful discharge of his duties, was not repealed by the Act of March 10, 1904, which defines and punishes the offense of assault and battery.

MOTIVE OF OFFENSE—DEGREE OF GUILT.—The reasons which moved the accused to commit the offense of assault and battery may be taken into consideration by the trial court in fixing the degree of guilt of the defendant and the punishment therefor.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Manuel F. Rossy* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Mayagüez of September 11, 1913, convicting Francisco Otero of aggravated assault and battery and sentencing him

to pay a fine of $50 or in default thereof to two days' imprisonment.

In his brief the appellant alleged that the trial court erred:

(*a*) In overruling the defendant's demurrer which was based on the ground that the facts as set out on the face of the complaint did not constitute the offense of aggravated assault and battery but only an offense against public justice.

(*b*) In weighing the evidence and finding that the existence of the offense charged had been proved.

· (*c*) In not acquitting the accused in accordance with the provisions of subdivision 6 of section 2 of an act to define and punish simple assault, etc., approved March 10, 1904.

Let us examine the first error. The pertinent part of the complaint on which the action is based reads as follows:

"I, Alfredo Schmidt, I. P., charge Francisco Otero, of age, resident of this city, with the offence of aggravated assault and battery committed in the following manner: That on May 25, 1913, in the ward Mayagüez Arriba (in a place known as the 'Playground') of the municipal judicial district of Mayagüez, P. R., the accused Francisco Otero unlawfully, wilfully and criminally and with the intention to cause me great bodily harm, did assault and strike me with an umbrella, inflicting a bruise on the right side of my neck. The act occurred at 4.30 p. m.

"When he committed the offense charged, the accused knew that I was an Insular policeman and that I was at that moment discharging my official duties as such Insular· police officer."

Section 1 of the act to define and punish simple assault, etc., approved March 10, 1904, provides that the offense of assault and battery shall consist in "The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used," and section 6 of the said act provides that an assault and battery becomes aggravated in certain cases, among them being "When committed upon an officer in the lawful discharge of his duties, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

A simple perusal of the complaint and of the law applicable to the case is sufficient to justify the conclusion that the offense charged against the appellant in the complaint comes clearly within the provisions of the act and that therefore the trial court committed no error in so holding.

The offense against public justice defined and punishable by section 137 of the Penal Code to which the appellant refers is of a different character. It is committed by "Every person who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office" and is punishable, when no other punishment is prescribed, by a fine not exceeding $5,000 and imprisonment in jail not exceeding one year.

In the present case the accused was not charged with a wilful intention to resist, delay or obstruct the complaining policeman in the discharge of the duties of his office, but with unlawfully assaulting and beating the officer, knowing that he was such officer and that he was engaged in the discharge of his duties, with the intention of causing him bodily harm.

The reasoning in the case of The People v. Valcourt, 16 P. R. R., 692, in support of the contention that section 84 of the Penal Code was not repealed by the act to define and punish the offense of simple assault, etc., of 1904, may be invoked in support of our decision in the present case.

Let us examine the second error. The record contains a statement of the case which sets out all the evidence examined during the trial. We have read the said evidence carefully and the witnesses for the prosecution directly charged the accused with having committed assault and battery upon the complaining policeman with an umbrella while he was in uniform and engaged in the discharge of his duties. The court believed the testimony of said witnesses and there is nothing in the record to show that it erred in so doing.

Finally, let us examine the last of the alleged errors. It appears from the evidence that on May 25, 1913, a game of baseball was being played in an appropriate place in Maya-

güez; that, as usual, police officers were there on duty; that the spectators were so interested in the game that the police were obliged to prevent them from invading the ground reserved for the players; that while the complaining policeman was discharging his duty a minor son of the accused fell to the ground, some witnesses for the defence testifying that it was by reason of a blow from the policeman's club; that the boy was picked up by one of the witnesses for the defence, and that the accused cried out that it was an abuse and immediately assaulted the policeman with his umbrella.

There is nothing in the record to show that the complaining policeman directly assaulted the son of the accused and much less that he was committing an assault and battery upon the lad when the accused assaulted and beat him with his umbrella.

These being the facts, we must conclude that the accused is not exempt from criminal responsibility, for he was in no way obliged to assault the policeman in order to defend his son. Therefore the trial court did not commit the third error assigned.

The circumstances concerning the boy may be taken into consideration to show why the accused committed the offense and therefore to fix the degree of the defendant's guilt. The court did this and in sentencing the accused to the minimum punishment fixed by the law, it construed the facts in the most favorable way for the accused.

The appeal must be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.